**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Mary J. Sticha,

Plaintiff,

vs.

Attention, LLC,
a Georgia limited liability corporation,

Defendant.

**Civil File No. 02 CV-278 PAM/RLE**

**PRETRIAL ORDER**

---

At Duluth, in the District of Minnesota, this **2ND** day of **May, 2002.**

Pursuant to Pretrial Conference convened on **May 2, 2002**, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, it is --

**ORDERED:**

**I.**

That all pre-discovery disclosures required by Rule 26(a) (1) shall be completed on or before **July 2, 2002.** The period during which the parties may conduct discovery shall terminate on **January 1, 2003.** Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will

FILED MAY 02 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

**II.**

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **July 1, 2002.**

**III.**

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **February 1, 2003**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

**IV.**

That no more than **Fifty (50)** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party.

**V.**

That no more than **3 depositions** (excluding expert depositions) shall be taken by any party without prior Order of the Court.

**VI.**

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written

report prepared and signed by the witness. As required by Rule 26(a) (2) (B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **October 1, 2002.** The Defendant's disclosures shall be made on or before **November 1, 2002.**

**VII.**

That the parties **do not** contemplate taking expert depositions. No more than **two (2)** experts may be deposed by any party without prior Order of the Court.

**VIII.**

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

**IX.**

That all dispositive Motions shall be fully briefed and the complete set of motion papers filed with the Clerk of Court on or before **March 1, 2003.** The Court will then contact the parties to schedule a Hearing. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1 (b).

X.

That this case shall be ready for trial on **March 1, 2003,** or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **Jury** trial calendar.

**BY THE COURT:**

Raymond L. Erickson
**UNITED STATES MAGISTRATE JUDGE**